26

PAID
FL000911

ORIGINAL

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Case: 2:11-cv-10467
Judge: Cohn, Avern
MJ: Majzoub, Mona K
Filed: 02-07-2011 At 08:37 AM
CMP Norman McKinney v. Misico Investments, LLC, et al (dw)

Norman Allen McKinney ~~et. al~~.

Plaintiff, in Pro Per,

vs.

Misico Investments L.L.C., )
Northern Michigan Real Estate Investment Association )
Alex David Misico, )
Julie D. Misico, )
Equity Trust Fund Custodian )
FBO Theodore Focier, IRA
Lender Company,
Crossroads Title, FKA, Northwest Title Agency, )
Stewart Title Guaranty Company, )
Mortgage Electronic Registrations Systems Inc., )
Homecomings Financial, )
Pavilion Title Agency, )
E-Title Agency, )
Deutsche Bank Trust Company Americas, )
Mr. Gary Kern, )
Mr. Michael Bowker,
Other unknown Defendants. )

Defendants,

/

COMPLAINT AND DEMAND FOR JURY TRIAL
AND CLAIM OF UNCONSTITUTIONALITY

## The Parties

Now comes Norman Allen McKinney, Plaintiff in Pro Per, and complains of the Defendants Jointly and Severally as follows:

1. That the Plaintiff, Norman A. McKinney, is a citizen of the United States, is a resident of Lapeer County in the State of Michigan. Plaintiff, was and is, still a property owner, in Wexford County, Michigan. During the earlier events described herein , Plaintiff was a resident of Wexford County, Michigan. Early in 2007, (April), Plaintiff became a permanent resident of Lapeer County, Michigan, is still a resident of Lapeer County Michigan, but also owns property in Wexford County, Michigan. Plaintiff became convinced in 2010, after much research and investigation, that all Defendants in this action, both directly and indirectly, have committed, caused, contributed to, allowed, or been involved in, Mortgage Fraud Schemes against Plaintiff, designed to strip Plaintiff of his house, property and other important rights.

2. That Defendants, Northern Michigan Real Estate Investment Association, Misico Investments L.L.C., Alex David Misico, and Julie Dawn Misico run a World Wide Real Estate Investment Company. They are owned, and operated, by Defendants Alex David Misico, and his wife, Julie Dawn Misico, located in Traverse City, Michigan. These Defendants, acting in concert with other Defendants, under the color of State laws, custom and usage, regulations, and the statutes of the State of Michigan, as well as other States, advertise their services on the Internet to the general public. These Defendants designed, caused, contributed to, and allowed, Mortgage Frauds Schemes to be worked against Plaintiff McKinney, designed to strip Plaintiff of his home, and property.

3. That the Defendant Equity Trust Fund Custodian, FBO Theodore Focier, IRA Lender Company, is a money lending

company, located in the State of Ohio, operating under the color of State laws, custom and usage, regulations, and the statutes, of the laws of both, Michigan and Ohio, and other States, acting in concert with the Misico Defendants et.al. caused Plaintiff to suffer great financial loss, through Mortgage Fraud Scheme practices, for which Defendant's IRA Lender Company received compensation.

4. That the Defendant Crossroads Title, FKA, Northwest Title Agency, is located in Traverse City, Michigan. This Defendant, acting in concert with other Defendants, under the color of State laws, custom and usage, regulation, and the statutes of the State of Michigan, as well as other States, failed in their fiduciary duties, including failing to provide, a proper and complete, "Due Dilligence", in this matter that failed to protect Plaintiff's rights, house and property, and allowed for Defendants to, commence and allow, Mortgage Fraud Schemes to be worked against Plaintiff and his property, for which they received compensation.

5. That Mortgage Electronic Registrations Systems Inc., located in Reston Virginia, is a privately held company that operates an electronic registry designed to track servicing rights and ownership of mortgage loans in the United State. This company, is not in fact, a "mortgagee" under the law, and has no standing to institute bank foreclosure proceedings. The real party in interest in this matter was Homecomings Financial. This company, MERS, was not the "real", owner of the note, held no property interest, and was not a necessary party, but engaged in acting in the capacity of a, "Mortgagee" in this action, and instituted illegal practices to bring about bank foreclosure procedures, under the color of Michigan State Laws, custom and usage, regulations and statutes of the laws of the various States, and acting in concert, with Misico and other Defendants, allowed for and caused Plaintiff to suffer great financial loss through Mortgage Fraud Scheme practices, designed to strip Plaintiff of Plaintiff's house and property, for which this

Defendant received compensation for their actions.

6. That Homecomings Financial is a Subsidiary of Residential Capital L.L.C., FKA, General Motors Acceptance Corp-Residential Funding Corporation, and is located in Dallas Texas. This Defendant provided monies to Defendants Misico Investment L.L.C., Alex and Julie Miscio, acting in concert with other Defendants, so they could cause and allow, under the color of various State laws, custom and usage, regulations and the statutes of the laws of the State of Michigan, for Plaintiff to suffer great financial loss, through Mortgage Fraud Scheme practices, designed to strip Plaintiff of his house and property. Also, this Defendant received compensations for its actions.

7. That the Pavilion Title Agency located in Traverse City, Michigan, acting in concert with the Misico's, and other Defendants, under the color of State law, custom and usage, regulations and statutes, of the laws of the State of Michigan, and other States, allowed for Plaintiff to suffer great financial loss through Mortgage Fraud Scheme practices, designed to strip Plaintiff of his house and property. This Defendant also failed in it's fiduciary duties to provide, including failure to provide a proper and complete, "Due Dillengce", to protect Plaintiff's, interests, house and property rights. This Defendant received compensations for it's participation in this matter with the other Defendants.

8. That the Defendant E-Title Agency allowed for the illegal actions of Defendant Mortgage Electronic Registrations Systems Inc., and Defendant Deutsche Bank Trust Company Americas, who neither were the original, " Mortgagee/s ", of the loan, were not the "real" owners of the loan, and did not receive payments on the original loan of Homecomings Financial, lent to the Defendant's Misico. The actions of this Defendant, acting in concert with other

Defendants in this Complaint, under the color of the State laws of Michigan, and various other States and Federal Laws, custom and usage, regulations and statutes, caused and allowed for Plaintiff to suffer deprevation and great financial loss through, Mortgage Fraud Schemes, created to strip Plaintiff, and others, of their homes and property.

9. That the Defendant Deutsche Bank Trust Company Americas, is located in San Diego, California, accepts mortgage foreclosures from, various "Mortgage Companies" acting as Trustee for the mortgage companies. This Defendant, acting in concert, with Misico and other Defendants, and most specifically, Mortgage Electronic Registration Systems Inc., and the E-Title Agency, did illegally, under the color of Michigan State laws, custom and usage, regulations and statutes, of the laws of various States, and Federal laws, cause Plaintiff to suffer great financial loss through Mortgage Fraud Scheme practices, designed to strip Plaintiff, and others, from their homes and property. This Defendant received compensations for it's actions.

10. That the Defendant Mr. Gary Kern, acting in concert, with Defendants, and other unknown Defendants, acting in participation with other Defendants, did illegally, under the color of State and Federal laws, custom and usage, regulations and statutes of Michigan, and other various States, allowed for Plaintiff to suffer great financial loss through Mortgage Fraud Scheme practices, designed to strip Plaintiff of his house and property, for which Defendant Kern received compensation.

11. That the Defendant Mr. Michael Bowker, acting in concert, with Defendants, and other unknown Defendants, acting in participation with other Defendants, did illegally, under the color of State and Federal laws, custom and usage, regulations and statutes of Michigan and other various States, allowed for Plaintiff

to suffer great financial loss through Mortgage Fraud Scheme practices, designed to strip Plaintiff of his house and property, for which Defendant Bowker received compensation.

12. That all Defendants, acting in concert, under the color of State laws, custom and usage, regulations and statutes of Michigan and other various States, violating Federal Laws, allowed for deprivation of important rights, privileges, and immunities, secured for Plaintiff by the United States Constitution, and State and Federal laws, as listed in paragraph 15 of this Complaint.

13. That the matter in controversy exceeds the sum of Seventy Five Thousand ($75,000.00) Dollars exclusive of interest and costs.

Jurisdiction and Venue

14. Plaintiff incorporates by way of reference paragraphs 1-14 inclusive.

15. That Plaintiff brings this action to protect and enforce his United States Civil and Constitutional Rights including his personal property rights, under the common laws, The Constitution of the United States, Articles and Amendments thereto, Title 28 USC et. seq., Title 42 USC et. seq., Title 5 USC sec. 552, Title 18 USC sec. 3170 The Federal Speedy Trial Act, The Federal Rules of Civil Procedure, including FRCP Rule 82, Title VI of The Civil Rights Act of 1964, Title VII of the Civil Rights Legislation, The Federal Truth in Lending Act (TILA), and amendments thereto, 15 USC sec 1601 et. seq. Regulation Z, The Equal Credit Opportunity Act (ECOA), 15 USC sec.1691, Regulation B sec. 20214 (b), and sec. 706, The Federal Trade Commission Act, (FTC ACT), 15 USC sec. 41-48, and Section 5 of The FTC ACT sec. 45, Title 18 USC et. seq., U.S. Commercial Code Article 9, et. seq., The Real Estate

Settlement Procedures Act (RESPA) (12 USC Section 2601 et. seq.), Regulation X (CFR 24 Part 3500), The State of Michigan Constitution, and Laws of the State of Michigan, including but not limited to: The Michigan Landlord and Tenant Relationships Act, MCL 554.601 et. seq., The Michigan Rental-Purchase Agreement Act, MCL 445.951 et. seq., The Michigan Collection Practices Act, MCL 445.251 et. seq., The Michigan Unlawful Trade Practices Act, MCL 445.101 et. seq., The Michigan Uniform Securities Act, MCL 451.2501, MCL 451.2505, MCL 451.2508, and MCL 566.101, Conveyance with intent to defraud, and the following Courts decisions pertaining to case law in these matters:

Mculloch v Maryland, 17 US 316, (1819),

Gibbons v Ogden, 22 US 1, (1824),

Griffin v Breckenridge, 403 US 88, (1971),

The Magna Carta of 1215,

United States v Klein, 80 US 128, (1871),

Ex Parte v Virgina, 100 US 339, (1879),

Allgeyer v Louisiana, 165 US 578, 17 S Ct. 427,
41 L. Ed. 832, (1897),

Gordon v Selico, 18 H.L.R. 219, English Contract Law (1986),

Krakowski v Eurolynx Properties, 183 CLR 563 (1995),

Lockheart v Osman (1981) VR 57,

MERS Inc.v Jon E. Saunders (2010) S. Judicial Ct of Maine,

Docket: Cum-09649, August 12, 2010,

National Bank v Kesler, 2009 Kan. S. Ct. Lexis 834,

Richard O. Buse v First American Title Insurance Company
In The Superior Court Of The State Of Washington, In And
For The County of King, Case No. 08-2-08093-5 sea.,

Lofty v MERS and INDY MAC BANK FSB,
Case No. 08-40106, in The United States Bankruptcy Court
For The District Of Massachusetts Western Division,

McIntosh v Irwin Union Bank and Trust Co.,
215 F. R. D. 26 ( D. Mass. 2003),

United States District Court For The Southern District Of Ohio
Eastern Division, In re Foreclosure Cases, Cases
No. 07-cv-166 et. al. (Dec. 27, 2007),

The Superior Court for The Judicial District of Hartford
Connecticut, July 28, 2008, The State of Connecticut v
Countrywide Financial Corporation,

The Supreme Court of Arkansas, MERS vs. Southwest Homes of
Arkansas, No. 08-1299, March 19, 2009,

In the Supreme Court of Texas, No. 06-0549, Texas American
Title Company v. Home Loan Corp. dba Expanded
Mortgage Credit, No. 14-03-01131- CV, March 30,2006,
191 S.W. 3d 728.

16. That this action seeks monetary damages, punitive damages, exemplary damages, legal fees and costs, any other damages deemed proper by this Court. Plaintiff also seeks injunctive relief,

both temporary, and permanent, pursuant to 42 USC sec/s. 1981, 1982, 1983, 1985, 1986, 1987, and 1988, and 28 USC sec/s. 1331, 1343 (3) and (4), restraining the Defendants from the practices of :

Denying Plaintiff, and others, their private property rights through Mortgage Fraud Practices, Bank Fraud Practices, Fraud for Property Practices, Fraud for Profit Practices, Wire Fraud, Equity Skimming Practices, Designing and Implementing Foreclosure Schemes designed to strip Plaintiff and others of their homes and property, Illegal Property Purchasing/Obtaining Schemes, Obtaining Private property rights through Misrepresentations regarding, Leaseback-Rent-To-Own/Buy-Back Schemes, Denying Plaintiff et. al. their 9th Amendment Rights of the United States Constitution which are reserved to the them, Denying Plaintiff, and others, their 14th Amendment rights by utilizing practices under the color of State and Federal Laws which abridges the privileges and immunities of citizens of the United States, and deprives citizens of due process, and equal protection of the law.

17. That this action seeks a Declaratory Judgment, pursuant to 28 USC, sec./s 2201, and 2202, as well as all paragraphs of this Complaint, that the practices of the Defendants as set forth in this Complaint and alleged by Plaintiff, are Unconstitutional as applied to Plaintiff, and others, are Repugnant to the United States Constitution and the Articles and Amendments thereto, as well as the decisions and case law noted in this Complaint.

18. That at all times pertinent to this Complaint all Defendants were acting in their own interests, and their capacities as agents and/or representatives for their respective company's, under the color of the laws of the State of Michigan, and/or the various State laws of other States of the United States. This action will seek and request that this Honorable Court issue a Federal Court Order, pursuant to FRCP, Rule 26, (a), (1), (2), (3), and (4), ordering

Defendants, to produce for Plaintiff, at Plaintiff's request, any and all materials, of any kind whatsoever, demanded by Plaintiff, in this action.

19. That Plaintiff demands a Jury Trial in this matter as provided for in the United States Constitution and the Amendments thereto.

## FACTS

### History of Events

20. Plaintiff incorporates by way of reference paragraphs 1-20 inclusive.

21. On August 24, 1996 Plaintiff and his sons purchased, and entered into a Land Contract, to purchase a Parcel of Property containing 11 lots, located in Hanover Township in Wexford County Michigan. The Parcel included the property tax I.D. # 2411-LG4-519-520.

22. That on 1-12-2000, Plaintiff and his sons received a Warranty Deed to said property, registered with Wexford County Register of Deeds, for sole ownership of said property, because the Land Contract had been paid in full.

23. In September of 2003, Plaintiff with the information provided to him by the Township Supervisor, properly combined the 11 lots into 7 lots to be built on, and had new tax identification numbers assigned to the 7 lots by Wexford County, Michigan.

24. In August 2003, Plaintiff began building a new house on lots 519 and 520, (Parcel A), with/for his son Matthew. In December of 2003, Plaintiff had a, Certified Appraisal, done from the prints, and the rough shell for said house. The house was appraised for

$159,846.00. The, "Site Value" of the lots was $ 16,000.00.

25. On April 28, 2004 Plaintiff entered into written agreements provided by Defendant Alex D. Misico, who at the time, gave Plaintiff, materially false, misleading and other inaccurate information, designed to exploit Plaintiff McKinney, and cover up Defendant Misico's real intent. Mr. Misico was representing Defendant Misico Investments L.L.C.. Defendant Misico told Plaintiff that Plaintiff would need to sign a Quit Claim Deed for the said property to Defendant's Company, Misico Investment L.L.C., in order for Defendant's Company, to secure a construction loan for monies, to complete the house. It was used by Defendant Alex D. Misico et. al., who devised a conspiracy, to secure funds to complete the construction of the house. The funds were for the sum of $ 80,000.00. Lots, 519 and 520, and the completed rough shell construction to date, was used as collateral for said funds, (a value of $36,000.00). The construction loan payments were to be paid to Defendant Misico Investments L.L.C., (Def. Alex D. Misico). Defendant Alex D, Misico prepared a "Residential Option To Purchase Agreement", for Plaintiff, for the house construction. The monies obtained went to Defendant Misico.

26. On June 25, 2004, Defendant Misico Investments L.L.C., (Alex D. Misico), by giving said, materially false, misleading, or inaccurate information, obtained a Promissory Note/Mortgage, from Defendant Equity Trust Fund Custodian, FBO Theodore Forcier, IRA Lender Company, located in the State of Ohio, who was a willing participate in Misco's conspiracy for $ 70,000.00. Misico Investments L.L.C. provided another $ 10,000.00 for the loan. This closing for this loan was held by Northwest Title Agency, who also played a part in Misico's conspiracy, and was located in Traverse City, Michigan. ( Now known as Defendant Crossroads Title, located in Traverse City, Michigan.)

27. On August 22, 2004, Plaintiff entered into a "Residential Option to Purchase Agreement" with Defendant Alex D. Misico and Misico Investments L.L.C., to purchase back the house that was being built. This agreement provided for a $ 100.00 "credit" for Plaintiff each month to be applied against the balance of the option that was in effect. The period of time stated, according to the signed Option Agreement, was for a period of time from August 22, 2004 until August 22, 2008. The $100.00 "credit" for Plaintiff, was never provided for Plaintiff, as called for in the agreement. Plaintiff later learned that the most the Documents, furnished by Defendants Misico, to Plaintiff, to sign, were improper and illegal, in that they violated both State and Federal laws. During the signing of any, and all agreement with Defendants Alex D. Misico and Misico Investments L.L.C., Plaintiff was never provided either a "Notice Of Cancellation", or a "Right Of Rescission Notice/Forms", as required by both State and Federal laws.

28. Plaintiff began payments to Defendant Misico Investments L.L.C. on 8-30-04 in the amount of $ 980.00 per month. From 8-30-04 through 5-14-05 Plaintiff paid $ 8714 to Defendant Misico Investments L.L.C., per said option agreement. From June of 2005 through arrangements and agreements provided by Defendant Alex D. Misico, Plaintiff paid another $ 3000.00 for a total payment on the loan of $ 11,714.00.

29. On June 22, 2005, unknown to Plaintiff at this time, Defendant Misico Investments L.L.C., in furtherance of the conspiracy, did personally file a Quit Claim Deed to Defendant Alex D. Misico, for the above stated property and house on lots 519 and 520., 1187 Gitchegumee Drive.

30. On June 29, 2005, Defendants Alex D. Misico and Julie D. Misico, in said conspiracy, somehow obtained a Mortgage, with a

lender named, Homecomings Financial Network Inc., a GMAC Company, now known as Homecomings Financial, a Subsidiary of Residential Capital L.L.C., located in the State of Texas. This mortgage was for the amount of $ 118,500.00. A Title Policy was provided for this illegal closing by Defendant Pavilion Title Agency of Traverse City, Michigan. Defendant Pavilion Title Agency, failing in their fiduciary duties, provided Defendant's Misico approximately $ 40,000.00 of Plaintiff's equity in the property, unknown to Plaintiff at the time of this closing.

31. Defendant Alex D Misico, later, told Plaintiff the New Mortgage Loan was to pay off the $ 80,000.00 in construction loans and the interest on said loans, but failed to inform Plaintiff about the taking of Plaintiff's equity. According to the figures Defendant Alex Misico provided for Plaintiff, the total interest charges assessed to Plaintiff were $ 21,464.00, for the period of time Plaintiff had the $ 80,000.00 loan, a span of about one year.

32. The new mortgage payments charged to Plaintiff, by the Misico's on the house and property, was now set at $ 1032.00 per month. For the period of time from June of 2005, through May of 2008, Plaintiff paid to the Misico's, payments for the new mortgage on the house and property, the amount of $ 23,736.00.

33. Beginning on, or about, November of 2007, Defendants Alex D. Misico and Julie D. Misico defaulted on the said mortgage after Plaintiff had paid them $ 23,736.00, in mortgage payments for the house and property, since June of 2005, and the fact Defendants were still receiving the monthly mortgage payments in full from Plaintiff, as agreed upon per Defendant Misico's own written agreements. Defendants did not at any time inform Plaintiff, verbally, or in written form of any kind, as required by law, that Defendants had ceased making the mortgage payments on the house. Defendants had Plaintiff's phone numbers, and his e-mail

address. Plaintiff was not aware during this period of time that Defendants had defaulted on the said mortgage, and all of the written agreements Defendants had with Plaintiff, in regards to the property. Further, Defendant's Misico, in their failure to honor the mortgage documents of/with the lender, deliberately failed, to notify and assign to Lender, said leases and agreements Defendants had with Plaintiff in this matter. The Misico Defendants ignored the, "Assignment of Leases", clause in said mortgage, which provided for the Lender's right to modify, extend or terminate, existing leases, including subleases, and to execute new leases.

34. Plaintiff continued to pay Defendants the house payments as per the said, "Residential Option To Purchase Agreement", until June 6, 2008. It was then that Plaintiff found some papers attached to the front door of the house when Plaintiff went to check the premises. After reading the papers it was clear, and apparent, that Defendants had not honored any of the written agreements with Plaintiff, and had allowed the house to go into foreclosure, clearly a breach of law, and a breach of said contracts and agreements.

35. Plaintiff learned, after visiting the Wexford County Register of Deeds Office, in June of 2008, that the house and property had been, sold, assigned, and transferred to Defendant Deutsche Bank Trust Company Americas, by Defendant Mortgage Electronic Registrations Systems Inc. (The Illegal Mortgagee), on March 15, 2008. Plaintiff states, Plaintiff was never made aware of these actions by any of the Defendants to this, conspiracy and actions, so as to enable Plaintiff to make other arrangements to secure his house and property. At the time of these actions Plaintiff was still making payments to the Defendants and Alex D. Misico, on the house and property, of $1032.00 per month.

36. On June 28, 2008, Plaintiff met with Defendant Alex D. Misico, after Plaintiff contacted Defendant Misico, to discuss the

matter and the reasons for the Default on the property. Defendant Misico told Plaintiff instead of making the payments to the Lender, he had used the Plaintiff's payments, to pay legal fees for a lawsuit against Defendants Misico, in Leelanua County, Michigan. That action involved another Misico Default on property there, that involved a $ 2,311,589.40 mortgage.

37. Plaintiff McKinney, expressed many concerns to Defendant Misico in regards to the properties and expenses Plaintiff had invested in regards to the properties in Wexford County, Michigan. Defendant Misico assured Plaintiff McKinney that Defendant Misico had taken the proper legal steps, to make arrangements with the lender and Defendant Deutsche Bank, to protect Plaintiff's property from being lost through any foreclosure proceedings. Defendant Misico informed Plaintiff McKinney, and his representatives, with both electronic and written communications, that Defendant Misico had worked out a payment schedule with Defendant Deutsche Bank, to prevent loss of the Wexford County property. Plaintiff later learned this was untrue.

38. Prior to the date of this meeting of, June 28, 2008, Defendant Alex D. Misico had prepared a, "Promissory Note", as partial Payment for the construction costs Plaintiff had incurred for Construction and on the property. Defendant Misico, agreed to pay Plaintiff McKinney, $ 88,000.00, on, before or, by June 28, 2010. This "Promissory Note" was dated, and signed, by both Defendant and Plaintiff, on June 28, 2008. Misico et. al. has deliberately, and repeatedly, failed to honor said, "Promissory Note", as required by law.

39. Due to the actions of Defendants conspiracy and their frauds in this matter, Plaintiff McKinney has suffered a great financial loss regarding, said property, house, and other property involved with this matter. All of the fraudulent actions committed by

Defendant Alex D. Misico, acting in concert in a conspiracy with all his other agents, and all other Defendants, has allowed for a great financial loss to be worked on Plaintiff and his personal properties, as well as, the fraudulent seizure, and sale, of his property by the Defendants in this action. Plaintiff further states, that the concerted actions of these Defendants, violates the laws, the personal property rights, and Civil and Constitutional rights of Plaintiff stated in the paragraphs of this action, including but not limited, to paragraph 15 of this Complaint.

Count 1

Fraudulent and Negligent Misrepresentations,
Breach of Law, Breach of Contracts,
Failure in Fiduciary Duties.

40. Plaintiff incorporates by way of reference paragraphs 1-40 inclusive.

41. Beginning on or about April 28, 2004, Plaintiff believes, and states to this Court, that Defendant Alex D. Misico, acting with intent, malice and forethought, and in concert with the other Defendants in a Leaseback/rent-to-buy-back scheme, fraudulently, and negligently, misrepresented the Defendants actions to Plaintiff, so that Plaintiff would believe that Misico Investments L.L.C. et. al., would legally provide the proper procedures, and legal resources, to allow Plaintiff to acquire funds, so as to enable Plaintiff, to finish construction on a residential home, and purchase back the home, Plaintiff had already began to construct the with his son, investing some $ 36,000.00. Plaintiff was, later to discover, the serious breaches that the Defendants had allowed, and committed, on said Mortgage with Homecomings Financial.

42. Plaintiff believes, and states, that said misrepresentations, and actions of Defendants in this action, were made to induce Plaintiff, and were relied upon by Plaintiff, to enter into written agreements/contracts with Defendants. Plaintiff believes that the actions of Defendants herein were illegal, and provided for, the denial of Plaintiff's rights under the State and Federal laws stated in this Complaint, as well as the, "Misrepresentation Act of 1967", and provides for Plaintiff, treble damages as a common law right, as well as a remedy for rescission of the house and property, due to concealment and material misrepresentation, or, material breach of warranty, breach of law, breach of contracts, and failure to carry out required fiduciary duties, (i.e. due diligence), and other responsibilities.

Count II

Violations of The Truth in Lending Act (TILA),

43. Plaintiff believes, and states, that under the TILA and under an amendment to the TILA, as stated in paragraph 15 of this Complaint, The Home Ownership and Equity Protection Act, that the Defendants in this action, refused, conspired, and failed to provide the proper written disclosures, and other important documentation and charges, to Plaintiff, and ignored, and failed to comply with, required conditions and prohibitions, required by the HEOPA and the TILA and other Federal and State laws.

Count III

Violations of the Federal Trade Commission Act (FTC),

44. Plaintiff incorporates by way of reference paragraphs 1-44 inclusive.

45. Defendants in this action, failed and refused to prohibit unfair and deceptive acts, or practices, including omissions and representations as required by the law, stated by Plaintiff in paragraphs, 15, and Counts I through VI of this Complaint. Defendants also failed and refused to provide proper written notifications, and other lawful documents, to Plaintiff in this action, for any application for monies to complete said construction of the house. Defendants were deceptive in their acts and practices with Plaintiff, to mislead Plaintiff, who was acting reasonably under the circumstances. Defendants also were committing acts that were material, in that they were designed to affect Plaintiff's conduct and decisions with respect to Plaintiff's house and property. Section 5 of the FTC Act was also violated by Defendants unfair acts, and practices, because their concerted actions caused Plaintiff substantial injuries, and caused Plaintiff to be defrauded by their Mortgage Fraud Schemes.

Count IV

Violations of the Equal Credit Protection Act (EOCA),

46. Plaintiff incorporates by way of reference paragraphs 1-46 inclusive.

47. Defendants, acting in concert, failed to use monies paid to them by Plaintiff, for payments, for use in an escrow account, for assessments to said house, for insurance on said property, taxes, and other mortgage obligations on the property. The EOCA, Regulation B, sec.706, prohibits Defendants from discriminating against Plaintiff for exercising his rights. Plaintiff states his belief that Defendants, by their actions, have caused Plaintiff serious monetary damages, and damages to Plaintiff's credit, by their illegal actions.

Count V

Violations of The Real Estate Settlement Procedures Act

48. Plaintiff incorporates by way of reference paragraphs 1-48 inclusive.

49. Plaintiff's Complaint, states in paragraphs, 15, and Counts I through VI, Defendants violations of RESPA, against Plaintiff. Defendants actions and conspiracy, have contributed to substantial injury and fraud by Defendants against Plaintiff through Mortgage Fraud Schemes, designed to strip Plaintiff of his property.

Count VI

Violation of Plaintiff's Civil and Constitutional Rights\

50. Plaintiff incorporates by way of reference paragraphs 1-50 inclusive.

51. Plaintiff, believes and states, that the actions of all of the Defendants in this lawsuit, by acting in concert, in a conspiracy, have violated, Plaintiff's, U.S. Civil and Constitutional rights, Title 28 USC et. seq., Title 42 USC et. Seq., Title VI of the Civil Rights Act of 1964, Title VII of the Civil Rights Legislation, the 14th Amendment to the United States Constitution, the laws of the State of Michigan and various other States, and the Federal laws outlined in paragraph 15, and Counts I through VI of this Complaint, as well as the legal precedents stated therein.

52. Defendants actions, acting in concert in this matter with intent to defraud, have allowed for the illegal practices of, misrepresentations, malicious malpractices, malum in se, malum prohibitum, malfeasance and malice aforethought, to be worked

against Plaintiff and Plaintiff's property.

53. Defendants actions, acting in concert, in a conspiracy against Plaintiff, has allowed for violations of Plaintiff's rights, including but not limited to, violation of due process of law, both substantive and procedural due process of law, provided for Plaintiff under the 14th Amendment to the U.S. Constitution, and other laws, both Federal and State and the precedents as stated in this Complaint.

Summary

54. Plaintiff incorporates by way of reference paragraphs 1-54 inclusive.

55. Our United States Constitution, and Laws, are designed to delegate authority to the people and allow them to participate in their government. Our Courts were designed to provide, for the people, the Constitutional Authority and the right to petition the Courts for relief based on a system of equity, which includes the authority to see to it that the government applies not just the letter of the law, but also the spirit of the law.

56. Plaintiff in this Complaint was subjected to lies and frauds by the Defendants in this action. Defendants in this action failed to take the proper and legal steps to protect Plaintiff's property, as provided for in written contracts and agreements. Defendants also failed to protect, and honor many other interests, Plaintiff had in regards to Plaintiff's property and house.

57. Defendants included in this Complaint, and conspiracy, deliberately failed, and refused, to protect Plaintiff's property from severe damage which resulted in extreme devaluation of the house and property. On August 28, 2009 the house and property was sold improperly and illegally by Defendants for the sum of $ 24,000.00.

58. Plaintiff has contacted State and Federal Authorities, in an effort to resolve this matter, with written complaints, against Defendants, through the U.S. mail, through phone calls, through Internet Websites, and other means, but has not received answers from them so that Plaintiff could conclude a positive resolution of these matters for the Plaintiff.

59. Plaintiff in closing states that Defendants in this Complaint, acting in a conspiracy, and acting in concert, under the color of laws, have injured and deprived Plaintiff of important rights, both directly and indirectly, and have denied to Plaintiff, due process of laws and the equal protection of laws, as well as other rights Plaintiff is entitled to.

Prayers For Relief Requested

WHEREFORE; Plaintiff respectfully requests to this Honorable Court the following;

1. That this Honorable Court assume jurisdiction in this matter, pursuant to Article III, Section 2, of the United States Constitution, Title 28 USC, Title 42 USC, rule 82 of the FRCP, and the other laws and precedents of the United States, including, but not limited to, the laws and precedents stated in paragraph 15 and Counts I through VI of this Complaint.

2. Enter an Injunctive Order, both temporary and permanent, pursuant to 28 USC, and 42 USC, and the laws of the United States, stated in paragraph 15 and 16 of this Complaint, restraining the Defendants, and all others, from continuing the practices set forth in this Complaint.

3. Enter a Declaratory Judgment as provided for in the FRCP, Title 28 USC, Title 42 USC, as well as the precedents stated in this

Complaint, that the practices of the Defendants, as outlined in this Complaint, are unconstitutional and repugnant to the United States Constitution and the Amendments thereto, as applied and allowed to be worked against Plaintiff and his property, as complained about in this action.

4. Award Actual Monetary Damages of $260,000.00 to Plaintiff, against the Defendants, jointly and severally, for fraudulent mortgage scheme actions, as outlined in this Complaint, and great emotional distress, mental anguish and stress, and for causing Plaintiff to be sick and sore in his body, and exacerbating other illness's that Plaintiff has, by the denial of Plaintiff's rights as outlined herein, in paragraphs 15, and 16, and Counts I through VI, of this Complaint.

5. Award Exemplary Monetary Damages of $ 260,000.00 to Plaintiff, against the Defendants, jointly and severally, for profiting from fraudulent mortgage scheme practices worked against Plaintiff, causing Plaintiff to be sick and sore in his body, and exacerbating other illness's that Plaintiff has, by the denial of Plaintiff's private property rights as outlined in this action.

6. Award Punitive Monetary Damages of $ 500,000.00 to Plaintiff, against Defendants, jointly and severally for mortgage fraud scheme practices, for violating Plaintiff's private property rights, privileges and immunities, constitutional and civil rights, and for causing Plaintiff to suffer great emotional distress, great mental anguish, and other stress.

7. Provide for Plaintiff, against all Defendants, a Federal Court Order providing for: A Commercial Lien, and a Writ of Attachment, against all Defendants, their businesses, and their Property, in the amount of $500,000.00.

8. Order a Rescission of Plaintiff's property to Plaintiff, so Plaintiff can secure Plaintiffs property through recaption and recoupment, pursuant to UCC Article 9, et. seq., and all other law as provided for in paragraph 15, and 16, and Counts I through VI, of this complaint.

9. Issue an Order from this Honorable Court, instructing Defendant Alex D. Misico, to immediately pay Plaintiff $ 88,000.00 as promised to Plaintiff, pursuant to the signed Promissory Note dated June 28, 2008, and now due with interest from June 28, 2010, to present, as provided for under UCC Article 9 et. seq., as well as the, "Note".

10. Award damages, and relief, This Court believes Plaintiff is entitled to, against the Defendants, jointly and severally, for interests and costs, attorney fees, and any other fees incurred by Plaintiff in this matter.

11. Award any other damages or relief This Court believes Plaintiff is entitled to in this matter.

COURTNEY SCHLAUD
NOTARY PUBLIC – MICHIGAN
LAPEER COUNTY
ACTING IN THE COUNTY OF Lapeer
MY COMMISSION EXPIRES 08-30-2016

s Mr Norman Allen McKinney

Mr. Norman Allen McKinney
Plaintiff in Pro Per
3401 Whisper Ridge Drive
Lapeer, Michigan 48446
810-660-7439 Office
810-272-8-271 cell

PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed?

☐ Yes
☒ No

If yes, give the following information:

Court: ______________________________

Case No.: ______________________________

Judge: ______________________________

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)

☐ Yes
☒ No

If yes, give the following information:

Court: ______________________________

Case No.: ______________________________

Judge: ______________________________

Notes :

JS 44 (Rev. 12/07) ORIGINAL CIVIL COVER SHEET County in which action arose

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement ... as provided by local rules of court. This form, approved by the Judicial Conference of the United States ... of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

Case: 2:11-cv-10467
Judge: Cohn, Avern
MJ: Majzoub, Mona K
Filed: 02-07-2011 At 08:37 AM
CMP Norman McKinney v. Misico Investments, LLC, et al (dw)

**I. (a) PLAINTIFFS**

Norman Allen McKinney et. al., Plaintiff in Pro Pro

(b) County of Residence of First Listed Plaintiff Lapeer
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant Grand Traverse County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Norman Allen McKinney
3401 Whisper Ridge Drive
Lapeer, Michigan 48446 810-660-7439 Office 810-272-8271 Cell

Attorneys (If Known)
Unknown at This Time

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

REAL PROPERTY
- ☐ 210 Land Condemnation
- ☒ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

TORTS

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
Mortgage Fraud, Misrepresentations, Violations of TILA Act, EOCA Act, RESPA Act, FTC Act, USCC, Civil Rights Acts, US Constitution

Brief description of cause:
Mortgage Fraud Conspiracy designed to Strip Plaintiff of Plaintiff's House and Property.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $** 260,000.00 ea. Def. CHECK YES only if demanded in complaint: **JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ____ DOCKET NUMBER ____

DATE
January 15, 2011

SIGNATURE OF ATTORNEY OF RECORD
Norman Allen McKinney, Plaintiff in Pro Per

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed?

☐ Yes
☒ No

If yes, give the following information:

Court: ____________________

Case No.: ____________________

Judge: ____________________

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)

☐ Yes
☒ No

If yes, give the following information:

Court: ____________________

Case No.: ____________________

Judge: ____________________

Notes :