UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NORMAN ALLEN McKINNEY,

    Plaintiff,

vs.   Case No. 11-10467

MISCO INVESTMENTS, LLC., et al.,   HON. AVERN COHN

    Defendants.
_____/

### ORDER GRANTING DEFENDANT MORTGAGE ELECTRONI REGISTRATION SYSTEMS MOTION TO SET ASIDE ENTRY OF DEFAULT (Doc. 49)

I.  Introduction

This is a case essentially claiming mortgage fraud.  Plaintiff, proceeding pro se, has sued multiple defendants.  Before the Court is defendant Mortgage Electronic Systems, Inc. (MERS) motion to set aside entry of default.  For the reasons that follow, the motion is GRANTED.

II.  Background

On February 7, 2001, plaintiff filed a complaint against 18 defendants, including MERS, on February 7, 2011, alleging that defendants Alex Misico and Misico Investments LLC defrauded him out of his ownership interest in property located in Wexford County. Plaintiff asserts claims against all defendants for breach of contract, fraud, violations of the Truth in Lending Act, violations of the Federal Trade Commission Act, violations of the Equal Credit Protection Act, violations of the Real Estate Settlement Procedures Act, and violations of plaintiff's civil and constitutional rights.

MERS was served with a copy of the summons and complaint by certified mail

on February 11, 2011.  A responsive pleading was due by March 4, 2011.  MERS did not file a responsive pleading by this date.  Accordingly, a clerk's entry of default was entered on March 7, 2011.  Doc. 9.

Upon receipt of the entry of default, MERS's counsel contacted plaintiff and requested a stipulation to set the default aside.  Plaintiff did not agree.  MERS then filed the instant motion on March 14, 2011, seven days after the default was entered and three days after a responsive pleading was due.

### III.  Legal Standard

Fed. R. Civ. P. 55(c) governs setting aside a default.  It reads:

> (c) Setting Aside Default. For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

In determining whether to set aside a default, the court considers: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default.  Shepard Claims Service, Inc. v. William Darrah & Associates, 796 F.2d 190, 192 (6th Cir. 1984).  The "prejudice" to the plaintiff and whether the defendant has a "meritorious defense" are the primary factors when evaluating a motion to set aside an entry of default.  "[W]hen the first two factors militate in favor of setting aside the entry, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead."  Shepard Claims, at 194.  Each of these factors compels granting relief under Rule 55(c).  The decision to set aside a default is left to the court's discretion.  See id. at 193.

IV.  Analysis

Plaintiff will not be prejudiced if the default is set aside.  To establish prejudice, the plaintiff must show that delay caused by setting aside the entry of default "will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collision."  Berthelsen v. Kane, 907 F.2d 617, 621 (6th Cir, 1990).

Here, MERS missed the deadline for filing a pleading by only a few days.  Plaintiff cannot claim prejudice where it has only been a little over a month since the case has been initiated and nothing has occurred that will change plaintiff's ability to gather evidence or otherwise diminish plaintiff's ability to prosecute his claim.

Moreover, as explained in MERS's papers, it has meritorious defenses to plaintiff's claims.[1]  A defense is meritorious if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default."  INVST Financial Group, inc. v. Chem-Nuclear Sys., Inc., 815 F.2d 391, 398-99 (6th Cir. 1987).

Finally, the default entered against MERS was not the result of culpable conduct.  A party's conduct is culpable if it displays "either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings."  Shepard Claims, 796 F.2d at 194 (the default was not a result of culpable conduct where the delay was not lengthy and where there was no pattern of disregard for court orders or rules).  MERS's conduct reveals no attempt to thwart these proceedings or a disregard for their importance.  As MERS explains, it has experienced a high volume of litigation

---

[1] The Court notes that at least two of the defendants, e-Title Agency and Stewart Title Guaranty Company, have filed motions to dismiss.  See Docs. 5 and 38.  The Case Manager shall schedule these motions for hearing.

and there was a delay in processing the complaint and ultimately forwarding it to outside counsel. Moreover, the same day that MERS learned of the entry of default, its counsel contacted plaintiff's counsel and sought a stipulation to set aside the default.

Overall, the Court is satisfied that the entry of default should be set aside.

SO ORDERED.

s/Avern Cohn<br>
AVERN COHN<br>
UNITED STATES DISTRICT JUDGE

Dated: April 21, 2011

I hereby certify that a copy of the foregoing document was mailed to Norman McKinney, 3401 Whisper Ridge Drive, Lapeer, MI 48446 and the attorneys of record on this date, April 21, 2011, by electronic and/or ordinary mail.

s/Julie Owens<br>
Case Manager, (313) 234-5160