UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NORMAN ALLEN McKINNEY,

    Plaintiff,

vs.                                                      Case No. 11-10467

MISCO INVESTMENTS, LLC., et al.,          HON. AVERN COHN

    Defendants.
_____/

**<u>ORDER GRANTING DEFENDANTS HOMECOMINGS FINANCIAL AND DEUTSCHE BANK TRUST COMPANY AMERICAS'S MOTION TO SET ASIDE ENTRY OF DEFAULT (Doc. 78)</u>[1]**

I. Introduction

This is a case essentially claiming mortgage fraud. Plaintiff, proceeding <u>pro se</u>, has named several defendants. Before the Court is defendants Homecomings Financial ("Homecomings") and Deutsche Bank Trust Company Americas's ("Deutsche Bank") motion to set aside entry of default. For the reasons that follow, the motion is GRANTED.

II. Background

On February 7, 2010, plaintiff filed a complaint against 18 defendants, including Homecomings and Deutsche Bank, alleging that defendants Alex Misico and Misico Investments LLC (the "Misico defendants") defrauded him out of his ownership interest in property located in Wexford County. Plaintiff asserts a variety of claims against the defendants for breach of contract, fraud, violations of the Truth in Lending Act, violations

---

[1]The Court deems this matter appropriate for decision without oral argument. <u>See</u> Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

of the Federal Trade Commission Act, violations of the Equal Credit Protection Act, violations of the Real Estate Settlement Procedures Act, and violations of plaintiff's civil and constitutional rights. For their roles, Homecomings was the originator of the loan with the Misico defendants and Deutsche Bank acted as a trust agent for Homecomings.

As explained in Homecomings and Deutsche Bank's papers, plaintiff attempted service on both defendants via certified mail to their corporate offices. However, service did not comply with Fed. R. Civ. P. 4(H)(1)(a) and (b) because plaintiff did not deliver a copy of the summons and complaint to an officer, managing or general agent, or other agent authorized to accept service. Service was also deficient because, at least in the case of plaintiff's initial attempt of service on Deutsche Bank, he did not include a copy of the summons and complaint. However, the Clerk entered defaults against each defendant. See Docs. 46 and 56.

Shortly thereafter, counsel for Homecomings and Deutsche Bank contacted plaintiff and requested a stipulation to set the default aside. Plaintiff did not agree. Homecoming and Deutsche Bank then filed the instant motion to set aside the default.[2]

### III. Legal Standard

Fed. R. Civ. P. 55(c) governs setting aside a default. It reads:

(c) Setting Aside Default. For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

In determining whether to set aside a default, the court considers: (1) whether the

---

[2] Previously, the Court granted a similar motion to set aside default by defendant Mortgage Electronic Registration Systems. Doc. 66.

plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default.  Shepard Claims Service, Inc. v. William Darrah & Associates, 796 F.2d 190, 192 (6th Cir. 1984).  The "prejudice" to the plaintiff and whether the defendant has a "meritorious defense" are the primary factors when evaluating a motion to set aside an entry of default.  "[W]hen the first two factors militate in favor of setting aside the entry, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead."  Shepard Claims, at 194.  Each of these factors compels granting relief under Rule 55(c).  The decision to set aside a default is left to the court's discretion.  See id. at 193.

## IV.  Analysis

Plaintiff will not be prejudiced if the default is set aside.  To establish prejudice, the plaintiff must show that delay caused by setting aside the entry of default "will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collision."  Berthelsen v. Kane, 907 F.2d 617, 621 (6th Cir, 1990).

Here, plaintiff never completed proper service on either defendant.  Moreover, plaintiff failed to identity the property or the loan number in his complaint, causing difficulty in Homecomings and Deutsche Bank being able to determine if this action involved them.  Moreover, as explained in Homecomings and Deutsche Bank's papers, they have meritorious defenses to plaintiff's claims.[3]  A defense is meritorious if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result

---

[3] The Court notes that several of the defendants have filed motions to dismiss.  See Docs. 5, 38, 71, 81 and 84.  The motions are scheduled for a hearing in August.

achieved by the default." <u>INVST Financial Group, inc. v. Chem-Nuclear Sys., Inc.</u>, 815 F.2d 391, 398-99 (6th Cir. 1987).

Finally, the default entered was not the result of culpable conduct. A party's conduct is culpable if it displays "either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." <u>Shepard Claims</u>, 796 F.2d at 194 (the default was not a result of culpable conduct where the delay was not lengthy and where there was no pattern of disregard for court orders or rules). There was no attempt to thwart these proceedings or a disregard for their importance.

Overall, the Court is satisfied that the entry of default should be set aside.

SO ORDERED.


Dated: June 21, 2011          S/Avern Cohn
                                             AVERN COHN
                                             UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to Norman McKinney, 3401 Whisper Ridge Drive, Lapeer, MI 48446 and the attorneys of record on this date, April 21, 2011, by electronic and/or ordinary mail.

                                             S/Julie Owens
                                             Case Manager, (313) 234-5160