UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NORMAN ALLEN McKINNEY,

    Plaintiff,

vs.                                          Case No. 11-10467

MISICO INVESTMENTS, LLC.,            HON. AVERN COHN
ALEX DAVID MISICO, JULIE D. MISICO,
NORTHERN MICHIGAN REAL ESTATE
INVESTMENT ASSOCIATION, EQUITY TRUST
FUND CUSTODIAN, CROSSROADS TITLE,
STEWART TITLE, MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, HOMECOMINGS
FINANCIAL, PAVILION TITLE, E-TITLE AGENCY,
DEUTSCHE BANK, GARY KERN,
AND MICHAEL BOWKER,

    Defendants.
_____/

**MEMORANDUM AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS
(Docs. 5, 38, 71, 81, 84, 109, 115)
AND
DISMISSING CASE**[1]

I. Introduction

This is a case essentially claiming mortgage fraud. Plaintiff is pro se. The complaint names 14 defendants and contains six counts, as follows:

| | |
|---|---|
| Count I | fraudulent and negligent misrepresentations, breach of law, breach of contacts, failure in fiduciary duties |
| Count II | violations of the Truth in Lending Act (TILA), 15 U.S.C. 1601 et seq |
| Count III | violations of the Federal Trade Commission Act, 15 U.S.C. 41 et seq |

---

[1]Although these motions were scheduled for hearing, upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

    Count IV    violations of the Equal Credit Protection Act (ECPA), 15 U.S.C. 1691 et seq

    Count V    violations of the Real Estate Settlement Procedures Act (RESPA), 15 U.S.C. § 2601 et seq

    Count IV    violations of civil and constitutional rights

Before the Court are motions to dismiss under Fed. R. Civ. P. 12(b)(6) filed by the following defendants:[2]

- e-Title Agency (e-Title) (Doc. 5)
- Stewart Title Guaranty Company (Stewart Title) (Doc. 38)
- Mortgage Electronic Registration System, Inc. (MERS) (Doc. 71)
- Crossroads Title (Doc. 81)
- Pavilion Title Agency, Inc. (Pavilion Title) (Doc. 84)
- Homecomings Financial (Homecomings) and Deutsche Bank Trust Company Americas's (Deutsche Bank) (Doc. 109)
- Gary Kern and Michael Bowker (Doc. 115)

For the reasons that follow, the motions will be granted. Plaintiff's claims against the moving defendants will be dismissed with prejudice. Further, the remaining unserved defendants will be dismissed without prejudice. Finally, the defaulted party will be dismissed for lack of prosecution. This order will close the case.

---

[2]Also before the Court are plaintiff's motions for discovery against some of the moving defendants. Docs. 64, 88, 89, 90, 91. Given the Court's determination on defendants' motion to dismiss, and because plaintiff's discovery requests do not save his complaint from dismissal, these motions are DENIED AS MOOT. Plaintiff's motion for rescission and the right of rescission, Doc. 62, is likewise DENIED.

    Additionally, Gary Kern and Michael Bowker filed a motion to amend their answer, Doc. 114, on the grounds that they retained counsel who desired to file an amended answer on their behalf. Plaintiff opposes the motion. The motion is GRANTED.

II. Background

As best as can be gleaned from the complaint, plaintiff owned property in Wexford County on which he began building a home. In April of 2004, plaintiff entered into a financial arrangement with the Misico defendants in order that Plaintiff could obtain financing to complete the construction of the home on the Wexford property. (Complaint at ¶ 25). Specifically, Plaintiff alleges that he was induced into transferring the Wexford property to the Misico defendants in order to secure financing to complete the construction of the home. (Complaint at ¶ 25). After plaintiff conveyed title to Misico Investments, Misico Investments quit claimed the property to Alex D. Misico who in 2005 obtained a mortgage from Homecomings. The mortgage was later assigned to Deutsche Bank. Plaintiff alleges he was not aware of the mortgage.

Plaintiff further alleges that according to his agreement with the Misico defendants, he made monthly payments to them. Alex D. Misico subsequently defaulted on the mortgage. Deutsche Bank foreclosed on the property and purchased it at a Sheriff's sale, obtaining a Sheriff's deed.

On August 21, 2009, Gary Kern and Michael Bowker purchased the property from Deutsche Bank for $24,000.

Plaintiff alleges that as a result of the foreclosure, foreclosure sale, and subsequent sale, he has been wrongfully deprived of his interest in the property.

The complaint essentially allege that defendants defrauded plaintiff out of his ownership interest in the property. Plaintiff asserts a variety of claims and names the following defendants:

        Misico Investments LLC
        Alex David Misico
        Julie D. Misico[3]
        Northern Michigan Real Estate Investment Association
        Equity Trust Fund Custodian
        Crossroads Title
        Stewart Title
        MERS
        Homecomings
        Pavilion Title
        e-Title
        Deutsche Bank
        Gary Kern
        Michael Bowker

It appears that neither the Misico defendants nor Northern Michigan Real Estate Investment Association have not been served. A Clerk's entry of default was entered against Equity Trust Fund Custodian (Doc. 13). However the Clerk denied entry of a default judgment because the form of judgment was not proper. (Doc. 15). The remaining defendants, as noted above, have all filed motions to dismiss.

### III. Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Bell Atlantic Corp. v. Twombley, 550 U.S. 544, 545 (2007). See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir.2007). The court is "not bound to accept as true a legal conclusion couched as a factual allegation."

---

[3] Misico Investments, LLC, Alex Misico, and Julie Misico will be collectively referred to as "the Misico defendants."

Aschcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1950 (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Id. at 1949 (internal quotation marks and citation omitted).

In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents referenced in the pleadings and central to plaintiff's claims, (2) matters of which a court may properly take notice, (3) public documents, and (4) letter decisions of government agencies may be appended to a motion to dismiss. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 127 S.Ct. 2499, 2509 (2007). Here, the Court has considered documents relating to the foreclosure which are referenced in the complaint and central to plaintiff's claims.

Pro se pleadings filed in civil rights cases are liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. McNeil v. United States, 508 U.S. 106, 113 (1993); Boag v. MacDougall, 454 U.S. 364, 365 (1982). However, pro se plaintiffs must comply with Rule 8 of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of

the claim showing that the pleader is entitled to relief...." <u>LRL Properties v. Portage Metro Housing Authority</u>, 55 F.3d 1097, 1104 (6th Cir. 1995).

### A. Initial Matters

All of the defendants have moved to dismiss for the same reasons. In light of the overlapping arguments, rather than discuss each motion separately, the Court will analyze each claim of the complaint and determine whether it states a plausible claim against any of the moving defendants. Before addressing each claim, three of the motions require some comment.

As to Crossroads Title's motion, plaintiff did not file a response. Standing alone, plaintiff's failure to respond is insufficient grounds upon which to dismiss the complaint in its entirety. <u>See Carver v. Bunch</u>, 946 F.2d 451, 455 (6th Cir.1991). Rather, in analyzing whether any of plaintiff's claims state a viable claim against the moving defendants, the Court has considered Crossroad Title's arguments. As will be explained, plaintiff's claims fail to state a claim against any of the moving defendants, and those reasons apply equally to Crossroads Title.

As to Stewart Title's motion, Stewart Title says dismissal is appropriate because it is not mentioned anywhere in the complaint except in the case caption. Stewart Title further argues that while there are allegations of "defendants" lumped together, there are insufficient facts within any of the paragraphs or counts from which one could infer any allegations of wrongdoing against Stewart Title. The Court agrees. The complaint does not name Stewart Title under any of the counts; allegations as to "defendants" are insufficient to give Stewart Title notice of what claims are being asserted against it. Dismissal on these grounds is appropriate. Moreover, even if plaintiff named Stewart

Title in the allegations under the counts of the complaint, the complaint is still deficient for the reasons explained below.

As to e-Title's motion, e-Title says that the complaint must be dismissed as to it because e-Title is named in only two paragraphs of the complaint, paragraphs 8 and 9, in which plaintiff is describing the parties. There are no specific allegations of wrongdoing against it in the counts of the complaint. E-Title argues, like Stewart Title, that the complaint fails to put it on fair notice of what claims it must defend. The Court agrees. The complaint is subject to dismissal against e-Title on these grounds. Moreover, as with Crossroads Title and Stewart Title, even if plaintiff named e-Title in the allegations under the counts of the complaint, the complaint is still deficient.

### B. The Complaint

1. Count I - fraudulent and negligent misrepresentations, breach of law, breach of contracts, failure in fiduciary duties

As to plaintiff's breach of contract claim, defendants argue that plaintiff has not alleged a contractual relationship with any of the moving defendants. To state a claim for breach of contract, plaintiffs must plead: (1) the existence of a contract between them and the defendant; (2) the terms of the contract; (3) breach of the contract by the defendant; and (4) that the breach caused plaintiff's injury. See Webster v. Edward D. Jones & Co., 197 F.3d 815, 819 (6th Cir. 1999).

The complaint fails to (1) allege the existence of a contract between him and any of the moving defendants; (2) point to the provision of a contract breached by any of the moving defendants; or (3) allege a breach committed by any of the defendants. At best, plaintiff alleges that defendants "allowed" breaches. This is

7

insufficient to state a breach of contract claim. Moreover, to the extend plaintiff is seeking relief based on the mortgage between the Misico defendants and Deutsch Bank, he was not a party to that contract; therefore, he has no basis to sue for breach.

Plaintiff's breach of fiduciary duty claim likewise fails because there is no fiduciary relationship between plaintiff and any of the moving defendants. To establish a fiduciary relationship, one must repose faith, confidence, and trust in the fiduciary and rely on the judgment and advice of the fiduciary. Ulrich v. Federal Land Bank of St. Paul, 192 Mich. App. 194, 196 (1991); Farm Credit Services v. Weldon, 232 Mich. App. 662, 680-681 (1998). Relief is granted when such confidence has been reposed and betrayed. Id.

Here, there was no contractual relationship between plaintiff and any of the moving defendants. None of the moving defendants entered into any loan agreements with plaintiff. Even if they had, the relationship between a borrower and a lender will generally not establish a fiduciary relationship. Id. As such, plaintiff's fiduciary duty claim must be dismissed.

Finally, plaintiff's fraud claims for fraudulent and negligent misrepresentation fail because plaintiff has not alleged any of the elements of fraud against the moving defendants. Fed. R. Civ. P. 9(b) requires that claims concerning allegations of fraud be stated with particularity. Coffey v. Foamex L.P., 2 F.3d 157, 161-162 (6th Cir. 1993). General, conclusory allegations do not satisfy this requirement. Craighead v. E.F. Hutton & Co., 899 F.2d 485, 491 (6th Cir. 1990). Rather, a plaintiff must specify: "the parties and the participants to the alleged fraud, the representations made, the nature in which the statements are alleged to be misleading and false, the time, place and

contents of the representations, the fraudulent scheme, the fraudulent intent of the defendants, reliance on the fraud, and the injury resulting from the fraud." Eby v. Producers Co-Op, Inc., 959 F. Supp. 428, 431 (W.D. Mich. 1997) (citing Michaels Building Co. v. Ameritrust Co. N.A., 848 F.2d 674 (6th Cir. 1998).)

To state a claim for negligent misrepresentation, plaintiff must allege that he "justifiably relied to his detriment on information prepared without reasonable care by one who owed the relying party a duty of care." See, Law Offices of Lawrence J Stockler v. Rose, 174 Mich. App. 14, 30 (1989).

Here, plaintiff has not alleged fraud in any respect. All that plaintiff alleges is that: 1) "Defendants in a Leaseback/rent-to-buy-back scheme, fraudulently and negligently, misrepresented the Defendants actions to Plaintiff, ***;" and 2) "said misrepresentations and actions of Defendants in this action, were made to induce Plaintiff, . . ." (Complaint at ¶¶ 41 and 42). These allegations fail to state a plausible claim for fraud as to any of the moving defendants.

2. Count II- Violations of TILA

Defendants argue that plaintiff's claim for violation of the TILA should be dismissed for several reasons. First, defendants say that plaintiff fails to allege which sections of TILA were allegedly violated, and the claim should be dismissed for that reason alone. Moreover, plaintiff has not alleged any actions or omissions by any of the moving defendants that constitute a violation of TILA. The Court agrees. The complaint alleges is that "Defendants in this action, refused, conspired, and failed to provide the proper written disclosures, and other important documentation and charges . . ." (Complaint at ¶ 43). This is insufficient to state a TILA claim.

Defendants also contend that plaintiff's claim is barred by the statute of limitations. TILA actions must be brought within one year from the date of the occurrence of the violation. 15 U.S.C. 1640(e)("Any action under this section may be brought . . . within one year from the date of the occurrence of the violation"). See also, Rudisell v. Fifth Third Bank, 622 F.2d. 243, 246 (6th Cir. 1980).

According to the complaint, the mortgage at issue (with the Misico defendants) was consummated in 2005. Plaintiff did not file this action until February 2011, more than six years later. As such, a TILA claim, even if properly plead, it time barred and subject to dismissal.

### 3.  Count III - Violations of the FTCA

Defendants argue that like plaintiff's TILA claim, plaintiff's FTCA claim is flawed because plaintiff has failed to allege how any of the moving defendants violated it. Moreover, plaintiff fails to allege which sections of the FTCA were allegedly violated. Instead, plaintiff merely states that "the FTC Act was also violated by Defendants unfair acts, and practices . . . . (Complaint at ¶ 45). The Court agrees. Plaintiff has not stated a claim for violation of the FTCA.

Moreover, the FTCA does not provide for a private right of action. Because the interest protected by the statute is that of the public at large, there is no private right of action to enforce its provisions. 15 U.S.C. § 45 speaks only in terms of the Federal Trade Commission's power to enforce the Act. See Greenberg v. Michigan Optometric Ass'n, 483 F.Supp. 142 (E.D. Mich. 1980).

### 4.  Count IV - Violations of the ECPA

Defendants argue that this claim fails because plaintiff has not alleged that any of

the moving defendants violated the ECPA. The Court agrees. All that plaintiff has alleged is that "The EOCA [sic] Regulation B, sec. 706, prohibits Defendants from discriminating against Plaintiff exercising his rights." (Complaint at ¶ 47). Plaintiff has not alleged any actions or omissions by the moving defendants that constitute a violation of ECPA (nor can he). Moreover, as stated above, plaintiff did not have a contractual relationship with any of the moving defendants. This count must be dismissed.

### 5. Count V - Violations of RESPA

Defendants argue that plaintiff's RESPA claim should be dismissed for several reasons. First, plaintiff does not allege which sections of RESPA were allegedly violated. This alone is grounds for dismissal. Moreover, to the extent plaintiff alleges that certain disclosures were not provided, in violation of § 2604, the claim should be dismissed because "there is no private civil action for a violation of 12 U.S.C. § 2604(c), or any regulations relating to it." Collins v. FMHA-USDA, 105 F.3d 1366, 1368 (11th Cir. 1997).

Third, to the extent plaintiff intended to allege a violation of § 2605, it must be dismissed because it is time-barred. Section 2605 of RESPA governs, among other things, the transfer or assignment of the right to service a mortgage loan, and must be brought within one year from the date of the violation. See 12 U.S.C. § 2614. Here, plaintiff alleges that the assignment occurred in March 2008, but did not file the action until three years later. (Complaint at ¶ 34). Thus, the claim, even if properly plead, is time-barred.

### 6. Count VI - Violations of Plaintiff's Civil and Constitutional Rights

Defendants are correct in arguing that Count VI should be dismissed because plaintiff has not alleged any wrongdoing by any of the moving defendants which would constitute a violation of plaintiff's constitutional rights.  The complaint contains only conclusory allegations that "Defendants actions, acting in concert, in a conspiracy against Plaintiff, has allowed violations of Plaintiff's rights, including but not limited to, violation of due process of the law." (Complaint at ¶ 53).

While the Court agrees that this claim is plead in a conclusory fashion, there is another reason for dismissal.  That is, plaintiff has not alleged any state action in this case.  While plaintiff alleges a violation of his Fourteenth Amendment rights, "a predicate to finding a due process violation is a finding of state action." Northrip v. Federal National Mortgage Association, 527 F.2d 23, 25 (6th Cir. 1975).  The Michigan Court of Appeals, interpreting the due process clause, has held that "foreclosure by advertisement is not a judicial action and does not involve state action for purposes of the Due Process Clause, but rather is based on contract between the mortgagor and the mortgagee." Cheff v. Edwards, 203 Mich. App. 557, 560 (1994).  Plaintiff has not alleged that any of the moving defendants are state actors or how any other state action occurred in this case.  Count VI must be dismissed.

### V. Conclusion

For the reason stated above, defendants' motions to dismiss are GRANTED. Crossroads Title, e-Title, Stewart Title, MERS, Pavilion Title, Homecomings and Deutsche Bank, and Gary Kern and Michael Bowker are DISMISSED WITH PREJUDICE.

As noted above, the Misico defendants and Northern Michigan Real Estate Investment Association have not been served. Federal Rule of Civil Procedure 4(m) provides that:

> [i]f a defendant is not served within 120 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed R. Civ. P. 4(m). The 120-day period allowed by Rule 4(m) has expired. Plaintiff has not moved for an extension of time to serve the summons and complaint on the unserved defendants nor otherwise demonstrated why service has not been made. Accordingly, the unserved defendants are DISMISSED WITHOUT PREJUDICE.

As to the defaulted party, Equity Trust Fund Custodian, on March 7, 2011, the Clerk denied entry of a default judgment because plaintiff failed to comply with Fed. R. Civ. P. 55(b)(1). To date, plaintiff has taken no action to cure the deficiencies. Accordingly, plaintiff's claims against Equity Trust Fund Custodian are DISMISSED for lack of prosecution. See E.D. Mich. LR 41.2 (which provides that if a party has not taken action within a reasonable time, the court may enter an order dismissing the case for lack of prosecution.)

This case is CLOSED.

SO ORDERED.


Dated: November 3, 2011        S/Avern Cohn
                               AVERN COHN
                               UNITED STATES DISTRICT JUDGE

**11-10467 McKinney v. Misico Investments, LLC, et al**
**Memorandum & Order Granting Defendants' Motions to Dismiss**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to Norman Allen McKinney, 3401 Whisper Ridge Drive, Lapeer, MI 48446 and the attorneys of record on this date, November 3, 2011, by electronic and/or ordinary mail.

    S/Julie Owens
    Case Manager, (313) 234-5160